**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4442

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEVIN ANTONIO MANUEL, a/k/a Flocka,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:18-cr-00196-FL-1)

Submitted: January 27, 2022                    Decided: March 29, 2022

Before QUATTLEBAUM and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF**: James M. Ayers II, AYERS & HAIDT, P.A., New Bern, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devin Antonio Manuel pleaded guilty, pursuant to a written plea agreement, to possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Manuel's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court correctly calculated Manuel's advisory Sentencing Guidelines range. Manuel received notice of the right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal based on the appellate waiver in Manuel's plea agreement. Through counsel, Manuel has responded to the motion to dismiss, arguing that his challenge to the Guidelines range falls outside the scope of the waiver and that the Government's invocation of the waiver is untimely. We affirm in part and dismiss in part.

As an initial matter, Manuel's waiver of appellate rights does not bar a review of the validity of the guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore deny in part the Government's motion to dismiss. Our review of the Fed. R. Crim. P. 11 plea colloquy revealed no plain error that affected Manuel's substantial rights, and we accordingly affirm his conviction. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (describing plain error standard).

Turning to Manuel's appeal of his sentence, we review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* Manuel does not contest that he

2

knowingly and intelligently waived his right to appeal, and our de novo review of the plea hearing confirms that the waiver is valid and enforceable. Moreover, Manuel's challenge to the district court's Guidelines calculation falls within the waiver's scope, and the Government timely invoked the waiver. *See* 4th Cir. R. 27(f)(2) (providing that a motion to dismiss "should be filed within the time allowed for the filing of the response brief").

Our review pursuant to *Anders* has revealed no meritorious grounds for appeal that fall outside the waiver's scope. Accordingly, we deny in part the Government's motion to dismiss and affirm Manuel's conviction and grant in part the Government's motion and dismiss Manuel's appeal of his sentence. This court requires that counsel inform Manuel, in writing, of the right to petition the Supreme Court of the United States for further review. If Manuel requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Manuel.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*